UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
DARRYL E. STEVENS,

               Plaintiff,

     - against -

DAYTON TOWERS CORP.,

               Defendant.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

11 CV 935 (RJD) (MDG)

DEARIE, District Judge.

       This is a race discrimination case brought pro se by African-American porter Darryl Stevens against his employer, Dayton Towers Corporation. Defendant moves to dismiss plaintiff's complaint under Rule 12(b)(6).[1] For the reasons stated below, the motion is denied.

       The Court assumes the parties' familiarity with the allegations in Stevens's complaint, which it reads in his favor.

       To survive a motion to dismiss under 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See also DiPetto v. United States Postal Serv., 383 F. App'x 102, 103-104 (2d Cir. 2010) (vacating dismissal of pro se complaint where plaintiff "stated he was Caucasian, described specific discriminatory actions . . . and alleged that he was treated differently . . . on the basis of his race").

---

[1] Defendant also moves to dismiss plaintiff's age discrimination claim for failure to exhaust administrative remedies. Stevens withdraws any age discrimination claim that he inadvertently included. Plf. Opp. at 2 ("At no time did . . . I believe that the defendants [were] discriminating against me because of my age . . . .").

Stevens's allegations of race discrimination—that Dayton Towers demoted him and promoted a white employee; blamed him for other employees' mistakes; and harassed him with racial slurs and a racially-tinged prank—state a plausible claim of employment discrimination. Cf. Jackson v. County of Rockland, 450 F. App'x 15, 19 (2d Cir. 2011) (affirming dismissal of race discrimination claim "unsupported by any comments, actions, or examples"). Given plaintiff's pro se status, the Court also finds that Stevens plausibly alleges that defendant retaliated against him for filing a New York Human Rights Commission complaint by threatening to fire Stevens for other employees' behavior. See Boykin v. Keycorp, 521 F.3d 202, 216 (2d Cir. 2008) (vacating dismissal of pro se disparate treatment claim). Defendant would have this Court hold plaintiff to the prima facie standard prematurely. At the motion to dismiss stage, "plaintiffs are not required to plead facts sufficient to establish a prima facie disparate treatment claim . . . because the . . . [prima facie case] is an evidentiary standard, not a pleading requirement." DiPetto, 383 F. App'x at 103 (quoting Boykin, 521 F.3d at 212 and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)) (internal quotation marks omitted). Defendant's citation to summary-judgment-stage cases betray its haste: this matter is best handled after discovery. See Boykin, 521 F.3d at 215-16 (discouraging dismissal of "plausible" pro se complaint in favor of "be[ing] tested on summary judgment").

For the reasons stated above, defendant's motion to dismiss plaintiff's race discrimination claims is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 2?, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge